**FILED**

**NOT FOR PUBLICATION**

JUN 14 2007

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAWAII SAERONAM PRESBYTERIAN CHURCH,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>JAMES W. ZIGLAR, Commissioner of the United States Citizenship and Immigration Service; DONALD NEUFELD, District Director of the California Service Center, Service Center of the United States Citizenship and Immigration Service,<br><br>    Defendants - Appellees. | No. 05-15259<br><br>D.C. No. CV-04-00496-SOM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Argued and Submitted November 15, 2006
Honolulu, Hawaii

Before: TROTT, WARDLAW, and W. FLETCHER, Circuit Judges.

---

    [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The Hawaii Saeronam Presbyterian Church ("HSPC") seeks a "special immigrant religious worker" visa for its minister, Kwang Tae Kim. The California Service Center of the U.S. Citizenship and Immigration Services denied HSPC's petition; the Administrative Appeals Office ("AAO") dismissed HSPC's appeal; and the district court affirmed. In this appeal, HSPC contends that it was error for the AAO to require the church to prove that Kim had worked full time as a minister during the two years immediately preceding the visa petition. HSPC further contends that, even if the AAO's interpretation of the law is proper, the church produced sufficient evidence of Kim's full-time employment.

Our review focuses on the AAO's decision, which we analyze "from the same position as the district court." *W. Radio Servs. Co. v. Espy*, 79 F.3d 896, 900 (9th Cir. 1996). We may reverse that decision only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or is "unsupported by substantial evidence." 5 U.S.C. § 706(2)(A), (E).

By statute, a minister may qualify for a special immigrant religious worker visa only if he (1) has been a member of a bona fide religious denomination for at least two years, (2) "seeks to enter the United States . . . solely for purpose of carrying on the vocation of a minister of that religious denomination," and (3) "has been carrying on such vocation . . . continuously for at least the [immediately

2

preceding] 2-year period." 8 U.S.C. § 1101(a)(27)(C); *see also* 8 U.S.C. § 1153(b)(4). These requirements are restated in regulatory form at 8 C.F.R. § 204.5(m). The applicable statutes and regulations neither expressly require religious workers to carry on their vocations full time during the two years preceding their petitions nor expressly foreclose such a reading. The AAO's adoption of a full-time employment requirement accords with *Matter of Faith Assembly Church*, 19 I. & N. Dec. 391 (BIA 1986), in which the BIA held that "part-time ministerial employment" did not qualify a minister for special immigrant classification under a prior version of § 1101(a)(27)(C). *Id.* at 393. The BIA explained that the statute "requires the minister to have been and intend to be engaged solely as a minister of a religious denomination." *Id.* Because the BIA's decision in that case was neither arbitrary nor manifestly contrary to the statute, we conclude that it was reasonable for the AAO to follow the BIA's lead and require a showing of full-time employment. *Cf. Garcia-Quintero v. Gonzales*, 455 F.3d 1006, 1011-14 (9th Cir. 2006) (explaining that *Chevron* deference is appropriate when the BIA construes an immigration statute in a published disposition).

Substantial evidence supports the AAO's finding that HSPC failed to prove that Kim had worked full time as a minister during the two years immediately

3

preceding its petition. The AAO was legitimately concerned by inconsistencies in HSPC's financial records and by HSPC's failure to provide tax documents, bank statements, or similar information to establish Kim's full-time employment. We agree with the district court that the discrepancies in the record, and HSPC's failure to account fully for those discrepancies, provide a sufficient basis for the AAO's decision.

**AFFIRMED.**